For opinion, see Stauffer v. McLain Trucking, Inc., 8 F.R.D. 478.

**Herbert ESTEPPE, Administrator of the Estate of George Dale Esteppe, Deceased, Plaintiff, v. McLAIN TRUCKING, Inc. and Clyde E. Rupert, Defendants.**

Civil Action No. 5928.

United States District Court
N. D. Ohio, W. D.

Dec. 24, 1948.

Myers & Myers and Robert D. Touvelle, all of Celina, Ohio, for plaintiff.

Effler, Eastman, Stichter & Smith, of Toledo, Ohio, and Marchal & Marchal, of Greenville, Ohio, for defendants.

For opinion, see Stauffer v. McLain Trucking, Inc., 8 F.R.D. 478.

**HISS v. CHAMBERS.**

No. 4176.

United States District Court
D. Maryland.

Dec. 28, 1948.

William L. Marbury and Charles C. G. Evans, of Marbury, Miller & Evans, all of Baltimore, Md., for plaintiff.

Richard F. Cleveland and William D. MacMillan, both of Baltimore, Md. (Semmes, Bowen & Semmes, of Baltimore, Md., of counsel), for defendant.

CHESNUT, District Judge.

This case is a private civil suit for damages for alleged slander and libel. The complaint was filed September 27, 1948 with a supplemental complaint filed on October 7, 1948. The alleged slander and libel shortly stated is that the defendant spoke and caused to be published of and concerning the plaintiff that the latter, while an employee of the State and other Departments of the United States, was a Communist and as such disloyal to the United States. The defendant has appeared and filed answers making the defense of justification, that is, that his statements were true. That is the particular issue in the case.

During November 1948 the plaintiff exercised the right given by Rule 26 of the Federal Rules of Civil Procedure, 28 U.S.

C.A., to take the deposition by oral examination, to be stenographically reported, of the defendant Chambers. In the course of the oral examination the witness Chambers produced certain documents purporting to be copies of originals taken from the confidential files of the Department of State of the United States, and which Chambers said had been given to him by the plaintiff Hiss. Upon examination of these documents by counsel for the respective parties to the case, it appeared to both of them that the papers were apparently such that in the public interest they should at once, with the approval of their clients, be brought to the attention of the Department of Justice. The further oral examination of the witness Chambers was then by agreement of counsel temporarily suspended.

Recently counsel for both parties have conferred with the court with regard to resuming the taking of the deposition of the witness. At this conference there were also present representatives of the Department of Justice. Counsel for the plaintiff announced that they proposed to continue the taking of the depositions but understood the Department of Justice wished to interpose an objection thereto and for that reason representatives of the Department had been invited to attend jointly with counsel for the parties. Counsel for the defendant Chambers, who was also the witness, stated their position to be that neither they nor the defendant as a witness made any objection to the continuance of the deposition and expressed willingness to answer any and all questions relevant to the issue in the case; but that as they understood the Department of Justice was making some objection thereto, the latter had been notified to attend the informal hearing, and state their views.

It was then brought to the attention of the court by those present that as a result of the examination of the documents referred to by the Department of Justice and subsequent examination of the subject matter, further testimony had been taken by a Grand Jury in the United States District Court for the Southern District of New York at which both Hiss and Chambers had given evidence as witnesses and that thereafter that Grand Jury had filed an indictment against Hiss for alleged perjury in certain evidence given by him before the Grand Jury including particularly his statement that he had not given to Chambers the documents referred to; and that the trial of that indictment case has now been set for February 24, 1949. The representative of the Department of Justice, therefore, wished to interpose an objection to further examination of Chambers in the libel case pending in this court, until after the trial of the criminal case in New York. It was not suggested or contended by the Department of Justice that they had a right to intervene in the civil case or to insist upon the objection, but they wished to have their objection considered by the court on the grounds of possible public interest involved.

More specifically, the grounds for the objection were (a) that the Federal Rules of Criminal Procedure, 18 U.S.C.A., which would be applicable to the trial of the criminal case make no provision for pre-trial examination of a prospective witness in the case and (b) that the continuation of the pre-trial deposition of Chambers (who is expected to be an important witness for the United States in the criminal case) in this civil case would in effect afford the defendant in the criminal case a possible advantage otherwise unavailable except for the pendency of the civil case, and to be used as a possible basis for cross-examination of Chambers as a witness in the criminal case.

I have carefully considered these objections but do not find that they constitute, from the standpoint of public interest, a sufficient reason for denying to the plaintiff in the civil case, instituted long before the criminal case, exercise of the procedural right afforded by rule 26 of the Federal Rules of Civil Procedure; nor does it appear that the exercise of this right by the plaintiff in the civil case will be contrary to the proper public interests involved in the trial of the criminal case. The continued pre-trial examination of the witness Chambers in the civil case must, of course, be limited by the applicable federal civil rules which provide that the scope of the examination is limited to discovery of facts

*relevant* to the issue in *that* case. The witness, who is also the defendant, will, of course, be represented by counsel at the time. If questions are asked not relevant to the particular issue, objection can be made and the matter submitted to the court which, under rules 30(b) and (d) and 37, for good cause shown, may limit the scope of examination. I also assume that there will be no objection on the part of the plaintiff made to the presence of a representative of the Department of Justice during the taking of the deposition, if desired. Nor does it appear that there should be any proper objection from the standpoint of public interest in the fullest ascertainment of the real and true facts of important matter involved. In this connection the representatives of the Department of Justice state that they know of no facts as a result of their own interviews with the witness Chambers, that would be to the prejudice of their case. And in any event it seems clear enough that both the civil and the criminal cases, if both are tried, should be prosecuted with the sole object of determining the real and true relevant facts. Whether the continuation of the deposition will develop any further facts is, of course, a matter that cannot be known to the court at this time.

For these reasons I conclude that the plaintiff in the civil case is entitled under the rules to proceed with his completion of the deposition of the witness Chambers which was only voluntarily and temporarily suspended as above stated.